UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20016-RAR-4

UNITED STATES OF AMERICA

vs.

**JOSE ALEX CABEZA OLAYA**,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

**THIS CAUSE** comes before the Court on Defendant Jose Alex Cabeza Olaya's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"), [ECF No. 255]. The Court having carefully reviewed the Motion; the United States' Response in Opposition ("Response"), [ECF No. 256]; Defendant's Reply in Support ("Reply"), [ECF No. 257]; the record; and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

Defendant's Motion seeks a sentence reduction pursuant to the United States Sentencing Commission's recently promulgated Amendment 821, which mandates a retroactive, two-level reduction to the offense levels for certain qualifying, low-level, non-violent offenders with minimal criminal histories. *See* U.S.S.G. § 4C1.1. But here, though the Defendant qualifies for the zero-point offender adjustment, the Court finds the 18 U.S.C. § 3553(a) factors militate against further reduction of Defendant's sentence.

On November 20, 2018, Defendant pleaded guilty to conspiracy to distribute more than five (5) grams of cocaine knowing that it would be unlawfully imported into the United States in violation of 21 U.S.C. § 959, 21 U.S.C. § 960, and 21 U.S.C. § 963. [ECF No. 54]; Olaya Presentence Investigation Report ("PSR"), [ECF No. 65] at ¶ 28. As part of his plea agreement, the Defendant also signed a factual proffer stipulating that he was directly involved in a drug

smuggling operation that had shipped or attempted to ship at least 2,000 kilograms of cocaine to various organizations within Central America knowing that it was destined for importation into the United States.  *See* Olaya Factual Proffer ("Proffer"), [ECF No. 55] at 1.   Prior to sentencing, the Court set the Defendant's adjusted offense level at 33 with a criminal history category of I, yielding a sentencing guideline range of 135 to 168 months' imprisonment.  *See* PSR at ¶ 68.  At sentencing on February 14, 2019, the Court imposed a low-end sentence of 135 months' imprisonment followed by two years' supervised release.  [ECF Nos. 67, 68].

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified."  *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up).  Specifically, § 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is *consistent with applicable policy statements issued by the Sentencing Commission*."  18 U.S.C. § 3582(c)(2) (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on an original sentencing range that appears to have been subsequently lowered by the Sentencing Commission.  *See Dillon v. United States*, 560 U.S. 817, 825–26 (2010).  First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements.  *See United States v. Barbieri*, No. 18-20060, 2023 WL 8472741, at *2 (S.D. Fla. Dec. 6, 2023).  Second, the Court must consider the 18 U.S.C. § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.  *Id.*

The applicable retroactive amendment here is Amendment 821's zero-point offender adjustment, which lays out a set of ten criteria that a defendant must meet in order to qualify for the two-level reduction. *See* U.S.S.G. § 4C1.1. But as noted above, even if a defendant is eligible for relief under § 3582(c)(2), the Court must then determine if it will exercise its discretion to reduce a defendant's sentence after it has considered the § 3553(a) factors, *Dillon*, 560 U.S. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B). The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

Here, although Defendant Olaya meets each of U.S.S.G. § 4C1.1's ten criteria, the § 3553(a) factors militate against further reduction of his sentence. As a preliminary matter, the Court finds the depth of the Government's briefing as to the § 3553(a) factors, *see* Resp. at 6, wholly unsatisfactory given the Government's concession that Defendant meets the U.S.S.G. § 4C1.1 criteria, *id.* at 5. The Court also agrees with Defendant that the Government's decision to focus on Defendant's May 26, 2020 possession of an unauthorized item while incarcerated—a piece of chicken as it turns out—is utterly irrelevant to the Court's decision. *See* Reply at 2.

Moreover, the Court acknowledges that Defendant's Motion and Reply have identified several relevant factors that do indeed weigh in favor of reducing his sentence under § 3553(a)—*viz.*, Defendant's lengthy pre-extradition detention under harsh conditions while in Colombia after his arrest while awaiting extradition; his ineligibility for various BOP sentence reduction and reintegration programs due to his status as a foreign national; and the possibility that he will have to remain in ICE detention beyond the completion of his sentence while he awaits the conclusion of immigration removal proceedings.

However, the Court finds the nature and circumstances of the offense here—namely, Defendant's direct involvement in a large-scale international drug smuggling conspiracy and enterprise, *see generally* Proffer—demonstrates a high level of criminal intent, planning, and determination. The Court also notes that, were it to apply the zero-point offender adjustment, the 135-month sentence Defendant received would still fall within the adjusted guidelines range after incorporating the zero-point offender reduction. Thus, after considering the scale of the drug distribution conspiracy and the relevant § 3553(a) factors, the Court finds that a sentence of 135 months appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate specific and general deterrence to serious criminal conduct of this nature. Accordingly, Defendant's Motion, [ECF No. 256], is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this 7th day of March, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**